# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10422
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRAIG ALEXANDER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-60-3

Before DAVIS, CLEMENT and OWEN, Circuit Judges.

PER CURIAM:[*]

Craig Alexander, federal prisoner # 10855-035, was convicted of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine, and he was sentenced to three concurrent terms of life imprisonment. He now moves for leave to proceed in forma pauperis (IFP) to appeal the denial of his third motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10422

782 to the Sentencing Guidelines. The district court implicitly determined that Alexander was eligible for relief under that amendment, concluded that a reduction was not warranted in light of the 18 U.S.C. § 3553(a) factors and Alexander's prison disciplinary record, and certified that the appeal was not taken in good faith.

By moving to proceed IFP, Alexander challenges the district court's good-faith certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Before this court, Alexander maintains that because he was eligible for relief, there was no reason for the district court to deny a sentencing reduction. Contrary to his assertion, the district court is not obligated to reduce a sentence under § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 673 & n.9 (5th Cir. 2009). The record shows that the district court gave due consideration to the § 3553(a) factors, including the nature of the underlying offense and the defendant's characteristics, along with Alexander's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, comment. (n.1(B)(i), (iii)). Although Alexander maintains that the district court improperly failed to account for all of the § 3553(a) factors, there is no abuse of discretion if the record shows that the district court gave due consideration to the motion as a whole and at least implicitly considered the § 3553(a) factors. *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995). To the extent that Alexander argues that the district court should have given greater weight to more favorable or mitigating factors or should not have given as much negative weight to other factors, the

2

No. 17-10422

"decision whether to reduce the sentence is in the sound discretion of the trial judge." *Whitebird*, 55 F.3d at 1009.

Therefore, the district court did not abuse its discretion in denying relief on the § 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). Alexander's appeal does not involve "legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.